**Opinion filed August 4, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00282-CR

_____

## ROLANDO ESCAJEDA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-21-0424-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Rolando Escajeda, Jr., originally pleaded guilty to the third-degree felony offense of driving while intoxicated. Pursuant to the terms of a plea agreement, the trial court convicted Appellant, assessed his punishment at imprisonment for six years and a fine of $800, suspended the imposition of confinement, and placed Appellant on community supervision for six years. The State subsequently filed a motion to revoke Appellant's community supervision. At a hearing on the motion, Appellant pled not true to the allegations, and after

abandoning the first two allegations, the State called Appellant's community supervision officer to testify in support of the motion to revoke. The trial court found three of the State's allegations to be true, revoked Appellant's community supervision, and imposed the original sentence of imprisonment for six years and a fine of $800. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw as counsel on appeal. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and a form motion for pro se access to the record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman,* we have independently reviewed the record, and we agree that the appeal is frivolous. The record reflects that the State's witness testified in support of the allegations in the motion to revoke. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the

2

revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

PER CURIAM

August 4, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.